UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | NO. 6:14CR49(01) |
| | § | |
| THOMAS GIDDENS | § | |

**DEFENDANT'S SENTENCING MEMORANDUM**

**TO THE HONORABLE JUDGE MICHAEL SCHNEIDER, UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF TEXAS:**

COMES NOW Defendant THOMAS GIDDENS, by and through his undersigned attorney, and files this, his Sentencing Memorandum, and would show this Honorable Court as follows:

I.

**PROCEDURAL HISTORY**

Defendant Giddens was named in a 24 count Indictment charging violations of 18 U.S.C. §371, Conspiracy to Defraud the United States, 21 U.S.C. § 331(a), 352(a), 352(f)(1), and 333(a)(2), Introduction of Misbranded Drugs in Interstate Commerce with Intent to Defraud, smuggling charges in violation of 18 U.S.C. § 545, and various tampering charges. On April 8, 2015, Defendant Giddens appeared before this U.S. Magistrate Judge John Love and entered a plea of guilty to Count 1 of the Indictment (Conspiracy to Defraud the United States).

II.

**PRESENTENCE INVESTIGATION REPORT AND PROBATION RECOMMENDATION**

Based upon the guideline calculations prepared by the Probation Department, Defendant Giddens has a total Offense Level of 14 and a Criminal History Category of I. The Guideline Provisions call for custody for a period of 15 to 21 months. However, Counsel for Giddens has raised several objections to these calculations and argues that a Total Offense Level of 10 is correct

1

yielding a guideline range of 6-12 months. This would place Giddens in Zone B and make him probation eligible.

III.

**FEDERAL SENTENCING TODAY**

In **United States v. Booker 543 U.S. 220, 125 S. Ct. 738 (2005)**, the Supreme Court held that **Blakely v. Washington, 124 S. Ct. 2531 (2004)**, applies to the Federal Sentencing Guidelines, and that the Sixth Amendment jury trial guarantee prevented judges from finding facts that exposed a defendant to increased prison time. A remedial majority opinion was issued excising the mandatory nature of the sentencing guidelines from 18 U.S.C. § 3553(b). The sentencing guidelines are now advisory only and thus must be considered by this Honorable Court as just one of a number of sentencing factors set forth in 18 U.S.C. § 3553(a).

§ 3553(a) requires this Honorable Court to "impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph 2." § 3553(a)(2) states that such purposes are:

   a. to reflect the seriousness of the offense to promote respect to the law and provide just punishment for the offense;

   b. to afford adequate deterrence to criminal conduct;

   c. to protect the public from further crimes of the defendant; and

   d. to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner.

Section 3553 (a) further directs sentencing courts to consider (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (3) the kinds of sentences available; (6) the need to avoid unwanted sentencing disparities among defendants with similar records who have been found guilty of similar conduct; and (7) the need to provide restitution to any victims of the offense.

**Booker** is not an invitation to do business as normal, but directs courts to consider all of the § 3553 (a) factors, many of which the guidelines either reject or ignore. This Court must now consider the history and characteristics of each defendant whereas the guidelines prohibited courts from considering much of this information. See U.S.S.G. § 5H1.1 (defendant's age); § 5H1.2 (education and vocational skills); §5H1.3 (mental and emotional condition); § 5H1.4 (physical condition including drug or alcohol dependence); § 5H1.5 (employment record) §5H1.6 (family ties and responsibilities); §5H1.10 (socio economic status); § 5H1.11 (civil and military contributions); and §5H1.12 (lack of guidance as a youth). Thus, in cases in which a defendant's history and character are positive, consideration of all of the section 3553(a) factors might call for a sentence outside the guideline range.

In **Rita v. United States, 551 U.S. 338, 127 S.Ct. 2456, 168 L.Ed.2d 203 (2007)**, the Supreme Court held that while courts of appeals "may apply a presumption of reasonableness to a district court sentence that reflects a proper application of the Sentencing Guidelines, "the sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." Instead, the sentencing court must first calculate the Guidelines range, and then consider what sentence is appropriate for the individual defendant in light of the statutory sentencing factors, explaining any variance from the former with reference to the latter.

In **Nelson v. United States, 129 S.Ct. 890 (2009)**, the Court reiterated its findings in **Rita** and held, "Our cases do not allow a sentencing court to presume that a sentence within the applicable Guidelines range is reasonable. ....We repeat that the presumption before us is an *appellate* court presumption.... [T]he sentencing court does not enjoy the benefit of a legal presumption that the Guidelines sentence should apply." **551 U.S., at 351, 127 S.Ct. 2456.** And in **Gall v. United States, 552 U.S. 38, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007)**, the Court reiterated that district judges, in

3

considering how the various statutory sentencing factors apply to an individual defendant, "may not presume that the Guidelines range is reasonable." ***Id., at 50, 128 S.Ct., at 596-597.***

In **Kimbrough v. United States, 552 U.S. 85,, 128 S.Ct. 558 (2007),** the Court held that "under **Booker,** the cocaine Guidelines, like all other Guidelines, are advisory only," **552 U.S., at 85, 128 S.Ct., at 560,** and that "it would not be an abuse of discretion for a district court to conclude when sentencing a particular defendant that the crack/powder disparity yields a sentence 'greater than necessary' to achieve **§ 3553(a)**'s purpose, *even in a mine-run case,*" ***id., at 563*** (emphasis added). **Kimbrough** thus holds that with respect to the crack cocaine Guidelines, a categorical disagreement with the 100:1 ratio and variance from the Guidelines for that reason alone is not suspect.

A **sentence** outside the Sentencing Guidelines carries no presumption of unreasonableness. **Irizarry v. U.S., 128 S.Ct. 2198 (2008)**. While appellate courts, in reviewing reasonableness of a **sentence** outside the advisory Guidelines range, may take the degree of **variance** into account, there is no rule that requires "extraordinary" circumstances to justify a **sentence** outside the Guidelines range, nor should the appellate courts employ a rigid mathematical formula which uses a percentage of departure as the standard for determining the strength of justifications required for a specific **sentence. Kimbrough v. U.S., 552 U.S. 85, 128 S.Ct. 558 (2007).**

## IV.

## MITIGATING FACTORS

Defendant Giddens would ask this Honorable Court to Sentence him to probation in this case. The application of the sentencing factors set forth in 18 U.S.C. § 3553(a) justify such a sentence.

a.) <u>Nature and Circumstances of Offense</u>. Defendant Giddens is remorseful for his actions to say the least. He recognizes the nature of the offense and wishes he had never become involved. In fact, Giddens immediately withdrew from this criminal conduct upon learning of law enforcement's investigation. Most of the pills that were seized were never picked up and handled by

4

any of the defendants. They abandoned their criminal conduct on or about December 14, 2009. Additionally, the alleged criminal conduct is now almost 6 years old, as the government waited 5 years before prosecuting the case. As noted in the PSR, there are no identifiable victims in this case. The defendants received minimal compensation for their conduct for actions that lasted less than 1 month. Finally, Giddens adamantly denies the claims by Kyle Giddens that he was beaten for not destroying evidence or that Giddens did in fact destroy evidence. These are fabrications of Kyle Giddens that arose when Defendant Giddens offered no help for Kyle and his legal issues.

   b.) <u>History and Characteristics of Defendant</u>. Giddens is a 58 year old man with no scored criminal history. He only has a few misdemeanor offenses for illegal gambling. As noted in the PSR, he lives with his wife in Athens, TX. His wife is a codefendant in this case. Giddens grew up in Georgia and served in the U.S. Army from 1975 to 1984. He and his wife currently provide housing for Catherine Nix, his step-daughter, and her two children.

   c.) <u>Health of Defendant</u>. Giddens currently battles high blood pressure and complications from Type 2 diabetes. He is being treated medically through the VA.

## V.

## CONCLUSION

Defendant Giddens respectfully requests that this Honorable Court vary from the advisory guideline range and sentence him as recommended in the Presentence Investigation Report to a term of probation. In the alternative, Defendant Giddens asks that he be sentenced to a term of home confinement in lieu of incarceration combined with a term of probation. Based on the factors stated above, Giddens believes a variance is warranted. A sentence of imprisonment for this 6 year old offense for a 58 year old man is not necessary under § 3553(a)(2) for any of the listed factors. A prison term is not needed to provide just punishment for this offense. Nor is it needed to protect the

public from the defendant and to afford adequate deterrence to criminal conduct. And, finally, it is not needed to provide educational or vocational training or medical care for Giddens.

Respectfully submitted,

/s/ *Gregory A. Waldron*
Gregory A. Waldron
State Bar No. 00788598

HOLMES & MOORE, PLLC
P.O. Drawer 3267
Longview, Texas 75606
Telephone: (903) 758-2200
Facsimile: (903) 758-7864
Email: gwaldron@holmesmoore.com

COUNSEL FOR DEFENDANT

**CERTIFICATE OF SERVICE**

I, Gregory A. Waldron, hereby certify that a true and correct copy of the foregoing motion has been faxed to Allen Hurst, Assistant U.S. Attorney at (903) 590-1439 and to Keith Wallace, U.S. Probation at (903) 590-1338 on this the 22nd day of September 2015.

/s/ *Gregory A. Waldron*
Gregory A. Waldron