**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | § | |
| | § | |
| **VS.** | § | **CRIMINAL ACTION NO. 6:14CR49-3** |
| | § | **(Judge Schneider)** |
| **CATHERINE NIX** | § | |

## SENTENCING MEMORANDUM

Catherine Nix, Defendant in the above-entitled and numbered criminal action, submits her Sentencing Memorandum for this Honorable Court's consideration at her sentencing hearing on February 3, 2016.

## BACKGROUND

On August 27, 2014, the United States Attorney's Office for the Eastern District of Texas filed a multi-count indictment against Catherine Nix and two others charging them with Conspiracy in violation of 18 U.S.C. § 371; Causing the Introduction of Misbranded Drugs in to Interstate Commerce with Intent to Defraud or Mislead in violation of 21 U.S.C. § 331 et al and 18 U.S.C. § 2; Smuggling in violation of 18 U.S.C. § 545 and 18 U.S.C. § 2; and Tampering with a Witness in violation of 18 U.S.C. § 1512.

On October 2, 2014, Ms. Nix was arrested pursuant to the indictment. She appeared before United States Magistrate Judge Love for initial appearance, arraignment, and detention hearing on October 3, 2014. Ms. Nix also entered a not guilty plea to all counts in the indictment and she was released on conditions of pretrial release.

On April 8, 2015, Ms. Nix appeared before United States Magistrate Judge Love and entered a guilty plea to Count 1 (Conspiracy) of the indictment. The parties agreed to the following binding stipulations in the plea agreement:

Sentencing Memorandum
U.S.A. vs. Nix
6:14CR49-3

1

    (1)      The parties agree that a sentence of not more than 15 months is appropriate. Each of the parties reserves the right to argue for any sentence at or below that range;

    (2)      Ms. Nix will pay the $100.00 special assessment at or prior to the sentencing hearing; and

    (3)      The Court will determine and impose any fine, community service, or term of supervised release deemed appropriate.

Magistrate Judge Love accepted and approved Ms. Nix's guilty plea pursuant to the plea agreement. He also continued her on conditions of release pending sentencing.

Keith Wallace of the United States Probation Office completed the presentence report ("PSR") on June 8, 2015 and he revised it on January 14, 2016. Ms. Nix timely filed sealed objections to the PSR on August 24, 2016. The government filed objections to the PSR on June 29, 2015. These objections remain unresolved and pending before the Court. Sentencing is currently set before this Honorable Court on February 3, 2016.

## SENTENCING CONSIDERATIONS

The United States Sentencing Guidelines are no longer mandatory. *U.S. v. Booker*, 543 U.S. 220 (2005). Following *Booker*, a court will typically follow a three-step sentencing process. First, the court must determine the applicable advisory guideline range. Second, the court must determine whether, pursuant to the Sentencing Commission's policy statements, any departures from the advisory guideline range are clearly applicable. *See* U.S.S.G. § 5K. Finally, the court must determine the appropriate sentence in light of the factors set forth in 18 U.S.C. § 3553(a), while still taking into consideration the applicable Guideline range. *Booker.*

Title 18, United States Code § 3553(a) has always governed federal sentencing decisions. It requires courts to consider the following seven factors in the sentencing process:

Sentencing Memorandum
U.S.A. vs. Nix
6:14CR49-3

2

1. The nature and circumstances of the offense and the history and characteristics of the defendant.

2. The need for the sentence imposed to:

   a. reflect the seriousness of the offense, to promote respect for the law and to provide just punishment for the offense;

   b. afford adequate deterrents to criminal conduct;

   c. protect the public from further crimes of the defendant; and

   d. provide the defendant with needed educational or vocational training, medical care, other correctional treatment in the most effective manner.

3. The kinds of sentences available.

4. The sentencing range established by the guidelines.

5. Any pertinent policy statements issued by the Sentencing Commission.

6. The need to avoid unwarranted sentencing disparity among defendants with similar records who have been found guilty of similar conduct.

7. The need to provide restitution to any victim of the offense.

After considering all these factors a court must "impose a sentence sufficient, but *not greater* than necessary, to comply with the purpose set forth in paragraph 2."

## ANALYSIS OF PERTINENT 3553 FACTORS

Ms. Nix submits the following discussion of pertinent sentencing factors in favor of a sentence lower than that suggested by the applicable Guideline Range.

### A. The Nature and Circumstances of the Offense Warrant a Sentence Below the Guideline Range.

Ms. Nix accepts full responsibility for her involvement in this offense. She immediately withdrew from this criminal conduct upon learning of the government's investigation. Most of the pills seized by the government were not picked up or handled by Ms. Nix. The criminal conduct happened over six years ago and the government waited five

Sentencing Memorandum
U.S.A. vs. Nix
6:14CR49-3

3

years before obtained an indictment in the case. As noted in the PSR, there are not any identifiable victims in this case. Ms. Nix received a total of $2,000.00 for her involvement in this conduct that lasted approximately one month.

Her acceptance of responsibility is documented by her voluntarily meeting with the government to discuss the facts and circumstances surrounding this indictment. Additionally, her acceptance of responsibility is further shown by her timely plea of guilty as well as her discussion of the facts of her involvement with the probation officer during the presentence report interview. Consequently, consideration of this factor weighs in favor of imposing a sentence below the Guideline Range.

### B. The History and Characteristics of the Defendant Warrant a Sentence Below the Guideline Range.

When considering Ms. Nix's medical history, mental health history, her status as the primary custodian and sole provider for her children, her minimal criminal history, and her compliance with conditions of release, a sentence below the Guideline Range is warranted.

#### 1. Primary Custodian and Sole Provider of Children

Ms. Nix is the primary custodian and sole provider of her son Raymond, age 15, and her daughter Rielly, age 13. She is divorced from Raymond's father and he does not provide any support for him. Rielly's father is deceased. In the past, Ms. Nix and her children have resided with her mother. However, that is no longer the case. Ms. Nix and her children now reside on their own due to issues arising between Ms. Nix and her mother related to this case. Should the Court sentence Ms. Nix to any term of confinement in this matter, she will have a difficult time finding suitable care for Raymond and Rielly as she no longer has family she can rely to care for them.

Sentencing Memorandum
U.S.A. vs. Nix
6:14CR49-3

4

### 2.    Medical History

In August, 2015, underwent an examination to determine if she suffered from Multiple Sclerosis.  Since that time, her physician has diagnosed her with Multiple Sclerosis. She remains under the care of her physician for this medical condition and is being treated with numerous medications.  Additionally, her primary care physician is also treating Ms. Nix for a herniated lumbar disc.

### 3.    Mental Health History

Ms. Nix has a significant mental health history related to an incident where her husband, James Sanderson, raped and attempted to kill her niece along with his subsequent suicide.  Ms. Nix was diagnosed with Post-Traumatic Stress Disorder and anxiety.  She received counseling in 2005 and 2006 from Dr. Julianne Davis in Athens, Texas.  The PSR author believes these issues are significant enough to warrant the Court requiring Ms. Nix to undergo a mental and/or emotional health evaluation and to participate in any treatment recommended as a result of the evaluation.

### 4.    Minimal Criminal History

Ms. Nix has never been convicted of a felony offense.  Her lone convictions are for two misdemeanor offenses committed in 1995 and 1997 when she was 22 years old and 24 years, respectively.  Ms. Nix is now 42 years old.  She does not have any criminal history points.

### 5.    Compliance with Conditions of Release

Ms. Nix was released from the custody of the United States Marshal in this matter on October 3, 2014 with conditions of pretrial release.  Since the time of her release, Ms. Nix has not had any issues complying with the conditions of release ordered by the Court.  Ms. Nix has complied with all conditions order by the Court.

Sentencing Memorandum
U.S.A. vs. Nix
6:14CR49-3

5

While Ms. Nix acknowledges she must be held accountable for her involvement in this matter, her medical history, mental health history, her status as the primary custodian and sole provider for her children, her minimal criminal history, and her compliance with conditions of release should be considered by the Court when evaluating the history and characteristics of the Defendant. Consideration of this factor weighs in favor of imposing a sentence below the Guideline Range.

**C.    The Need for the Sentence Imposed to Reflect the Seriousness of the Offense, to Promote Respect for the Law, and to Provide Just Punishment for the Offense Warrants a Sentence Below the Guideline Range.**

Ms. Nix understands the seriousness of her action, she is remorseful for her conduct, and she has learned her lesson. She timely entered a guilty plea and admitted her conduct. Ms. Nix also met with the government and provided information related to their investigation of this case.

As previously stated, Ms. Nix understands she must be held accountable for involvement in this matter. However, the fact she has been confined over one year in connection with this case should be considered by the Court in imposing a sentence that provides just punishment. Consideration of this factor weighs in favor of imposing a sentence below the Guideline Range.

**D.    To Protect the Public from further Crimes of the Defendant.**

Ms. Nix has never been convicted of a felony offense. Her lone convictions are for two misdemeanor offenses committed in 1995 and 1997 when she was 22 years old and 24 years, respectively. Ms. Nix is now 42 years old. She has no criminal history points. A sentence within the advisory Sentencing Guideline range is unnecessary to protect the public from future crimes considering Ms. Nix has no criminal history points in this case.

Sentencing Memorandum
U.S.A. vs. Nix
6:14CR49-3

6

Ms. Nix's risk of recidivism is minimal.  According to the Sentencing Commission's own study, "[r]ecidivism rates decline relatively consistently as age increases."  UNITED STATES SENTENCING COMMISSION, *Measuring Recidivism*, at 12.  Moreover, the impact of increasing age and declining criminal history on risk of recidivism is cumulative -- the recidivism rate among offenders in Ms. Nix's age bracket in Criminal History Category I is a minuscule 6.9%.  *See id.* at 28.   Because Ms. Nix presents a low risk of recidivism and poses the lowest possible need to protect the public, a non-guideline sentence would be reasonable under 18 U.S.C. §§ 3553(a)(2)(B) and 3553(a)(2)(C).

## CONCLUSION

For the reasons stated above, a probated sentence is appropriate in this case.  A probated sentence would be reasonable as it would allow Ms. Nix to care and support her two minor children, address her medical and mental health issues, and be a positive contributor to her community.  Further, a probated sentence would impose a sentence "sufficient, but not greater than necessary."

Respectfully Submitted,

\_\_\_\_\_\s\_____
STEVEN R. GREEN
Texas State Bar No. 24004673
217 N. Palestine Street, Ste. B-C
Athens, Texas 75751
Telephone (903) 675-1802
Facsimile (469) 533-1662
Email:  stevegreenatty@earthlink.net

ATTORNEY FOR DEFENDANT

Sentencing Memorandum
U.S.A. vs. Nix
6:14CR49-3

7

## **CERTIFICATE OF SERVICE**

  I hereby certify on the 2oth day of January, 2016, a true and correct copy of the foregoing document has been furnished this day to Mr. Allen Hurst and Mr. John Claud, counsel of record for the United States, by e-filing.


            \_\_\_\_\_\s\_____
            STEVEN R. GREEN

Sentencing Memorandum
U.S.A. vs. Nix
6:14CR49-3

8